UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| MASON SALES, LLC, an assumed name of PINNACLE PROMOTIONS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> TALENT CREATION, LTD., et al., <br><br> Defendants. | Case No. 3:24-cv-00092 <br><br> Judge Waverly D. Crenshaw, Jr. <br> Magistrate Judge Alistair E. Newbern |

## MEMORANDUM ORDER

This breach-of-contract action arises out of a business relationship among Plaintiff Mason Sales, LLC, and Defendants Talent Creation, Ltd., and Mornington Corp. (Doc. No. 9.) Before the Court is Mason Sales' motion for leave to amend its corrected complaint following limited jurisdictional discovery. (Doc. No. 59.) The defendants oppose Mason Sales' motion (Doc. No. 60), and Mason Sales has filed a reply (Doc. No. 61). For the reasons that follow, the Court will grant Mason Sales' motion for leave to amend.

I.   Background

   A.   Factual Background

Mason Sales is an assumed named of Pinnacle Promotions, LLC, a limited liability company incorporated in Tennessee with its principal place of business in Franklin, Tennessee, and a registered office in Boerne, Texas. (Doc. No. 9.) Mason Sales has two members, Gary and Cathey Mason, who are citizens of Tennessee and reside in Franklin. (*Id.*) Talent Creation is a Chinese corporation with its principal place of business in Shanghai, China, and Mornington Corp. is a New York corporation with its principal place of business in New Rochelle, New York. (*Id.*)

Mason Sales alleges that the defendants are "alter egos of each other" and "that Kelvin Chao is the senior control person for both [d]efendants." (*Id.* at PageID# 36, ¶ 36.)

Mason Sales alleges that the "[d]efendants manufacture, import, and distribute various apparel-related products to their customers . . . located throughout the United States of America" and that Mason Sales "was an independent representative for [the] [d]efendants" starting in or about 2004. (*Id.* at ¶¶ 37, 39.) On April 8, 2014, Pinnacle Promotions and Talent Creation signed a written memorandum providing that:

> Pinnacle Promotions is a multi-line rep company located in Franklin, Tennessee, USA. Pinnacle Promotions represents several manufactured lines to the U.S. and Canada apparel trade. One of those lines represented by Pinnacle Promotions is Talent Creation Ltd., located in Shanghai, China.
>
> Pinnacle Promotions has been representing Talent Creation Ltd. since 2004. Terms of the relationship are as follows:
>
> - Pinnacle Promotions receives a 3% commission on net receivables from Rawlings Sporting Goods US, Southeastern Shirt[,] and any future customers. Pinnacle Promotions receives 2% commission on net receivables from Rawlings Japan.
>
> - Commissions are paid quarterly within ten days of the end of each quarter.
>
> - Pinnacle Promotions['] relationship with Talent Creation Ltd. will continue as long as we have business from Rawlings, Southeastern Shirt and any new customers.

(*Id.* at PageID# 46.) Mason Sales alleges that it also had an agreement with Mornington Corp. with "the exact same terms and provisions . . . ." (*Id.* at PageID# 33, ¶¶ 8, 9.) Mason Sales sold products for both defendants and received commissions under the agreements for many years. (Doc. No. 9.)

On June 2, 2023, Talent Creation sent Pinnacle Promotions a notice of termination signed by Chao. (*Id.*) The notice states:

> **PLEASE TAKE NOTICE THAT,** effective immediately, Talent Creation, Ltd. ("Talent Creation") hereby terminates any and all relationship between Talent Creation and Pinnacle Promotions / Mr. Gary Mason.

> **PLEASE TAKE FURTHER NOTICE THAT,** effective immediately, Pinnacle Promotions or Mr. Gary Mason is hereby no longer representing Talent Creation or its affiliates in any capacity and has no authority to act, transact business or even communicate with any customers, including without limitation Rawlings Sporting Goods Co., Inc. and Southeastern Shirt Corp., on behalf of Talent Creation or its affiliates.
>
> For the avoidance of doubt, Pinnacle Promotions / Mr. Gary Mason shall no longer be entitled to commissions from Talent Creation or its affiliates.

(*Id.* at PageID# 48.) Mason Sales alleges that Mornington Corp. terminated its agreement with Mason Sales at the same time as Talent Creation. (Doc. No. 9.) Mason Sales further alleges that the defendants have failed to pay Mason Sales all commissions owed under the agreements, including "commissions on sales it made as far back as 2019." (*Id.* at PageID# 38, ¶ 61.)

### B. Procedural History

Mason Sales initiated this action on January 29, 2024, by filing a complaint against the defendants. (Doc. No. 1.) Mason Sales filed a corrected complaint on February 8, 2024, before either defendant had appeared or responded to the original complaint. (Doc. No. 9.) The corrected complaint asserts common law claims of breach of contract, promissory estoppel, quantum meruit, equitable accounting, and breach of fiduciary duty and the duty to act in good faith and fair dealing. (*Id.*) Mason Sales seeks an accounting and monetary damages, "[i]ncluding unpaid past commissions and lost future commissions," and "such other and further relief . . . at law or in equity, to which [Mason Sales] may be justly entitled. (*Id.* at PageID# 44, ¶¶ c, f.)

At Mason Sales' request, the Clerk of Court issued summonses for the defendants on March 1, 2024. (Doc. No. 17.) Mason Sales filed a proof of service affidavit stating that it served Mornington Corp. on March 25, 2024. (Doc. No. 20.) Counsel entered a "special and limited appearance" on behalf of the defendants on April 12, 2024 (Doc. No. 21, PageID# 68) and, three days later, the defendants moved to dismiss Mason Sales' corrected complaint under Federal Rules of Civil Procedure 12(b)(2), 12(b)(3), 12(b)(5), and 12(b)(6) (Doc. No. 23). The defendants argue

that Mason Sales failed to effect proper service of process on them, that they are not subject to personal jurisdiction in this district, that venue is improper in this district, and that the corrected complaint fails to state claims on which relief can be granted. (Doc. No. 24.) Mason Sales responded in opposition to the defendants' motion to dismiss (Doc. No. 27), and the defendants filed a reply (Doc. No. 31).

The Magistrate Judge held a telephonic initial case management conference with the parties on May 2 and 9, 2024. The day after the conference concluded, the Court entered an order stating that "counsel for the parties met and conferred regarding the service and jurisdictional issues raised by [the] [d]efendants' motion to dismiss[,]" "reached an agreement to engage in limited written jurisdictional discovery[,] and anticipate reaching an agreement to allow [Mason Sales] to amend the complaint after the jurisdictional discovery is completed . . . ." (Doc. No. 34, PageID# 250.) The Court therefore ordered Mason Sales to "serve written discovery requests limited to the issue of personal jurisdiction on Defendants" by May 23, 2024. (*Id.*) The Court further ordered that, "[i]f the parties have discovery disputes that they cannot resolve, they shall move for a discovery dispute resolution conference with the Magistrate Judge." (*Id.*)

The parties filed a joint discovery dispute statement on December 18, 2024, describing several disputes including a dispute regarding a sales report that the defendants produced reflecting their business in Tennessee. (Doc. Nos. 57, 57-4.) The Magistrate Judge held a telephonic discovery dispute conference with the parties on December 30, 2024, and, on the same date, ordered the defendants to "produce the documents from which the sales report reflecting their business in Tennessee (Doc. No. 57-4) was generated" which would "conclude jurisdictional discovery." (Doc. No. 58, PageID# 782.) The Magistrate Judge further ordered that, "[b]y no later

than 14 days after receiving [the] [d]efendants' production, [Mason Sales] shall move for leave to file an amended complaint." (*Id.*)

Mason Sales filed a motion for leave to amend its complaint on January 30, 2025 (Doc. No. 59) and attached a copy of its proposed amended pleading (Doc. No. 59-2) and other exhibits (Doc. Nos. 59-3–59-5). The proposed first amended complaint asserts new facts, including the allegations that one of the defendants' vice presidents lives and works in Tennessee and that Mason Sales met with that vice president in Tennessee on more than one occasion. (Doc. No. 59-2.) The proposed first amended complaint also asserts that the defendants qualify as "principals" under Tenn. Code Ann. § 47-50-114(a)(2) because they manufacture, produce, import, or distribute products for wholesale; that the defendants paid Mason Sales "commissions" within the meaning of § 47-50-114(a)(1); and that the defendants are therefore subject to personal jurisdiction in Tennessee pursuant to § 47-50-114(e), which provides that "[a] principal who is not a resident of this state and who enters into a cont[r]act subject to this chapter is considered to be doing business in this state for purposes of the exercise of personal jurisdiction over the principal." (*Id.* at PageID# 791, ¶ 10 (quoting Tenn. Code Ann. § 47-50-114(e)).)

The defendants oppose Mason Sales' motion for leave to amend, arguing that the proposed amendments are made in bad faith, futile, and unduly delayed. (Doc. No. 60.) Mason Sales filed a reply in support of its motion to amend. (Doc. No. 61.)

## II.     Legal Standard

Federal Rule of Civil Procedure 15(a)(2) provides that district courts should "freely" grant a motion for leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). This "mandate" flows from the principle that a plaintiff "ought to be afforded an opportunity to test [their] claim on the merits" where "the underlying facts or circumstances relied upon . . . may be a proper subject of relief . . . ." *Foman v. Davis*, 371 U.S. 178, 182 (1962). Thus, absent "any

apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc.— the leave sought should, as the rules require, be 'freely given.'" *Leary v. Daeschner*, 349 F.3d 888, 905 (6th Cir. 2003) (quoting *Foman*, 371 U.S. at 182). A proposed amendment is futile when it would not survive a motion to dismiss under Rule 12(b)(6). *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005); *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000). "A district court's order denying a Rule 15(a) motion to amend is usually reviewed for an abuse of discretion." *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010); *but see id.* (reviewing de novo district court's denial of "motion for leave to amend on the basis of futility"). Nevertheless, Sixth Circuit case law "'manifests "liberality in allowing amendments to a complaint."'" *Newberry v. Silverman*, 789 F.3d 636, 645 (6th Cir. 2015) (quoting *Janikowski v. Bendix Corp.*, 823 F.2d 945, 951 (6th Cir. 1987)).

**III.     Analysis**

The defendants argue that the Court should deny Mason Sales' motion for leave to amend "because it was filed for an improper reason; specifically, to have a second chance to make a legal argument that was available to [Mason Sales], but that [it] failed to make when it opposed [the] [d]efendants' motion to dismiss for *inter alia*, lack of personal jurisdiction[.]" (Doc. No. 60, PageID# 837.) But "it is quite common for a plaintiff to file a motion to amend in order to cure deficiencies exposed in a motion to dismiss." *Smith v. Robbins & Myers, Inc.*, Civ. No. 3:12-cv-281, 2012 WL 5845072, at *4 (S.D. Ohio Nov. 19, 2012). Indeed, "[t]he Federal Rules of Civil Procedure specifically anticipate that a plaintiff will attempt to cure defects or weaknesses in a complaint, which is why Rule 15(a) states that a plaintiff may amend his complaint once as a matter of course within 21 days of the service of a Rule 12(b) motion." *Tompkins v. Bonnie Plants,*

*Inc.*, No. 5:19-CV-0197, 2019 WL 13146820, at *2 (E.D. Ky. Aug. 16, 2019) (citing Fed. R. Civ. P. 15(a)). The advisory committee's notes to Rule 15(a) explain that:

> [T]he right to amend once as a matter of course [ ] 21 days after service of a motion under Rule 12(b), (e), or (f) . . . force[s] the pleader to consider carefully and promptly the wisdom of amending to meet the arguments in the motion. A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings.

Fed. R. Civ. P. 15(a) advisory committee's notes to 2009 amendment.

Here, of course, Mason Sales did respond to the defendants' motion to dismiss before filing an amended complaint. (Doc. No. 27.) And Mason Sales included in its response a "request to conduct jurisdictional discovery" as alternative to ruling on the motion to dismiss. (*Id.* at PageID# 133.) In the initial case management conference held a few days after Mason Sales filed its response, the Magistrate Judge recognized Mason Sales' request and identified the timing of jurisdictional discovery as an issue that required further attention by counsel and ordered counsel to meet and confer "regarding service, jurisdictional discovery, and amendment of the complaint . . . ." (Doc. No. 33.) Counsel did so and, in a subsequent case management conference, notified the Court that they had "reached an agreement to engage in limited written jurisdictional discovery and anticipate reaching an agreement to allow Plaintiff to amend the complaint after the jurisdictional discovery is completed (without waiving any of Defendants' rights to respond to an amended pleading under Federal Rule of Civil Procedure 12 or otherwise)." (Doc. No. 34.) Thus, the period of jurisdictional discovery initiated after Mason Sales responded to the motion to dismiss was agreed to by the parties with the specific understanding that an amended complaint would likely follow. The defendants' argument against amendment thus ignores this case's procedural history and counsel's prior agreements.

The defendants further argue that Mason Sales' proposed amendments are futile because the proposed first amended complaint would still be subject to dismissal for lack of personal jurisdiction. (Doc. No. 60.) Specifically, the defendants argue that Tennessee Code Ann. § 47-50-114(e) "does not apply" because "the allegations in the [p]roposed [first amended complaint] make clear that [Mason Sales] is not seeking commission[s] on orders [it] solicited[,]" as required by the statute, "but rather commissions on all [d]efendants' sales to two companies . . . including sales to these companies that occurred *after* termination of [Mason Sales'] agreements with [the] [d]efendants." (*Id.* at PageID# 840–41.) Section 47-50-114(a)(1) defines "commission" as "compensation accruing to a sales representative for payment by a principal, the rate of which is expressed as a percentage of the dollar amount of orders or sales[.]" Tenn. Code Ann. § 47-50-114(a)(1). The statute defines "sales representative" as "a person who contracts with a principal to solicit wholesale orders and who is compensated, in whole or in part, by commission[.]" *Id.* § 47-50-114(a)(3). The defendants have not addressed the fact that Mason Sales' proposed first amended complaint seeks unpaid "commissions on sales it made as far back as 2019." (Doc. No. 59-2, PageID# 800, ¶ 88.) Nor have the defendants presented any legal authority supporting their argument that commissions, as defined by the statute, are limited to commissions for solicited orders especially where, as here, the plain language of the parties' agreement does not include a solicitation requirement for orders from Rawlings Sporting Goods US and Southeastern Shirt. The defendants therefore have not carried their burden to show futility at this stage of the proceedings. *See, e.g.*, *Williams v. Barton Malow Co.*, 581 F. Supp. 3d 923, 928 (N.D. Ohio 2022) ("[T]he party [. . .] opposing the motion to amend a pleading bears the burden of establishing that the proposed amendment would be futile." (second alteration in original) (quoting *Runser v. City of Dayton*, Case No. 3:21-cv-160, 2021 WL 5630735, at*2 (S.D. Ohio Dec. 1, 2021))); *White v. Emergency*

*Med. Billing & Coding Co.*, Civ. No. 11-14207, 2013 WL 4551919, at *4 (E.D. Mich. Aug. 28, 2013) (collecting authority for the proposition that "[d]efendants have the burden of establishing futility" in the context of a motion for leave to amend the pleadings).

The defendants' undue delay argument fares no better. The defendants argue that the Court should deny leave to amend because Mason Sales "has no explanation for [its] nine-month delay in alleging a fact and statute that [it] was aware of at the time this action was filed." (Doc. No. 60, PageID# 842.) Mason Sales replies that "[t]he necessity of jurisdictional discovery arose precisely because [the] [d]efendants challenged personal jurisdiction." (Doc. No. 61, PageID# 846.) "Ordinarily, delay alone, does not justify denial of leave to amend." *Martinez v. First Class Interiors of Naples, LLC*, Case No. 3:18-cv-00583, 2020 WL 11192552, at *2 (M.D. Tenn. Nov. 30, 2020) (quoting *Morse v. McWhorter*, 290 F.3d 795, 800 (6th Cir. 2002)); *see also Tefft v. Seward*, 689 F.2d 637, 639 n.2 (6th Cir. 1982) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading[.]"). "In some cases, 'however, "delay will become undue, placing an unwarranted burden on the court, or will become prejudicial, placing an unfair burden on the opposing party."'" *Martinez*, 2020 WL 11192552, at *2 (quoting *Morse*, 290 F.3d at 800). As Mason Sales points out, the defendants have not argued that they would suffer prejudice from the proposed amendments, nor have they identified any unwarranted burdens on the Court. And, more importantly, the jurisdictional discovery period leading to the motion for leave to amend was agreed upon by counsel.

Accordingly, the Court finds that the defendants will not be unduly prejudiced by allowing the amended pleading and that there are no other apparent reasons to deny leave to amend under Rule 15(a)(2).

## IV. Conclusion

For these reasons, Mason Sales' motion for leave to amend (Doc. No. 59) is GRANTED. The Clerk of Court is DIRECTED to enter the first amended complaint (Doc. No. 59-2) as a separate document and to ADMINISTRATIVELY TERMINATE the defendants' motion to dismiss (Doc. No. 23) the corrected complaint as moot.

It is so ORDERED.

_____
ALISTAIR E. NEWBERN
United States Magistrate Judge